# United States Court of Appeals for the Fifth Circuit

---

No. 22-60443

---

Jeffrey Courtjay Jackson,

*Plaintiff—Appellant*,

*versus*

Linda Lyons, Justice Court Clerk; John Lantern, E030, Mississippi Highway Patrolman; Mississippi Highway Patrol; Panola County Justice Court; Lynn Fitch, Mississippi Attorney General; Michael Darby, Judge; C. Gaines Baker, Prosecutor; State of Mississippi,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:22-CV-95

---

Before Wiener, Elrod, Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Jeffrey Courtjay Jackson appeals an order of the district court dismissing his claim as frivolous. Because he fails to show any reversible error by the district court, we AFFIRM.

---

[*] This opinion is not designated for publication. See 5th Cir. R. 47.5.

United States Court of Appeals
Fifth Circuit
**FILED**
December 21, 2022
Lyle W. Cayce
Clerk

No. 22-60443

This case arises from the issuance of a traffic ticket. While driving in Panola County, Mississippi, Jackson was stopped by Patrol Trooper John Lantern and issued a ticket. Believing that the stop and the ticket were unjustified, Jackson decided to contest the ticket at the Panola County Justice Court. The court ultimately ordered Jackson to pay a fine of $231.00 for the speeding ticket.

Jackson then filed a complaint at the United States District Court for the Northern District of Mississippi, asserting a "20-million dollar[]" claim under 42 U.S.C. § 1983. In the operative complaint, Jackson alleges that "[t]he structure of the traffic ticket . . . scheme shows that it is unconstitutional starting at the gate when the police officer signs in the place of a judicial officer of the court." And he further alleges that the "traffic court judge is not a real judge with legal judicial authority" and demanded that the district court so hold.

Observing that Jackson's claims are frivolous and his requests for relief fantastical, the district court regarded the complaint "to be frivolous on its face" and concluded that "none of the defendants in this case should be burdened with dealing with it any further." Thus, the district court dismissed the suit, stating that "the frivolousness of this lawsuit is plain and obvious, and it will be dismissed as such." We agree. AFFIRMED.